MICHAEL N. FEUER, City Attorney (SBN 111529)
KATHLEEN A. KENEALY, Chief Deputy City Attorney (SBN 212289)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California  90012
Telephone:   213-978-6952
Facsimile:   213-978-7011
Email:        jessica.mariani@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

**NO FEE – GOV. CODE § 6103**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHELMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES<br><br>Defendant. | Case No. 2:20-cv-11819 FLA (ASx)<br><br>Assigned to Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Request for Judicial Notice; Declaration of Jessica Mariani; and [Proposed] Order Filed Concurrently Herewith]**<br><br>**Hearing**<br>Date:      April 30, 2021<br>Time:      1:30 p.m.<br>Location: Courtroom 6B<br>               350 W. 1st Street<br>               Los Angeles, CA 90012<br><br>Complaint Filed:   December 28, 2020 |

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on Friday, April 30, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of the above titled Court, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant City of Los Angeles ("City") will and hereby does move to dismiss the complaint filed by Plaintiff Ryan Michelman ("Complaint") for insufficient service of process and for failure to state a claim pursuant to Rules 12(b)(5) and (b)(6) of the Federal Rules of Civil Procedure.  The City's motion is brought on the grounds that the City was not properly served with the summons and Complaint pursuant to Rules 4(j)(2) and 4(m) of the Federal Rules of Civil Procedure; and the Complaint fails to state any claim for which relief may be granted because (1) Plaintiff has failed to exhaust administrative remedies available to him under California Vehicle Code section 40230; (2) Plaintiff's Complaint asserts vague, conclusory, and speculative allegations unsupported by sufficient facts to state any plausible claim for relief; and (3) each of Plaintiff's purported claims suffers from additional deficiencies, as set forth in greater detail in the supporting Memorandum of Points and Authorities, which further warrant dismissal.

The City's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Jessica Mariani, upon all the pleadings and papers that are on file in this action, and upon all oral and documentary evidence that may be presented at the time of the hearing on this Motion. This Motion is made following a conference pursuant to Local Rule 7-3 that took place on March 18, 2021.

Dated: March 30, 2021

MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney


/s/ Jessica Mariani
JESSICA A. MARIANI
Deputy City Attorney
Attorneys for Defendant City of Los Angeles

1
**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS ........................................................... 2

    A. This Lawsuit Stems From A $73 Parking Citation ...................................... 2

    B. Plaintiff Failed To Exhaust Available State Remedies For Challenging His Parking Citation .................................................................................... 2

    C. The City Has Not Received Sufficient Service of Process ........................... 4

III. LEGAL STANDARDS ..................................................................................... 4

    A. Motion to Dismiss For Insufficient Service of Process Pursuant to Rule 12(b)(5) ....................................................................................................... 4

    B. Motion to Dismiss For Failure to State A Claim Pursuant to Rule 12(b)(6) ....................................................................................................... 5

IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE CITY HAS NOT BEEN PROPERLY SERVED ....................................................... 6

V. PLAINTIFF'S ACTION IS BARRED BY HIS FAILURE TO EXHAUST REMEDIES PROVIDED BY THE CALIFORNIA VEHICLE CODE ................. 7

VI. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ............................. 9

    A. Plaintiff's Vague, Conclusory And Speculative Allegations Fail To State A Claim .............................................................................................. 9

    B. Plaintiff Cannot State A Claim For Violation Of His Due Process Rights Under The Fifth and Fourteenth Amendments ................................ 11

    C. Plaintiff's Second Claim Challenging LADOT's Hiring Practices Fails ...... 13

    D. Plaintiff's Third and Fourth Claims Are Derivative and/or Duplicative of The First Claim ...................................................................................... 14

    E. Plaintiff's Fifth Claim For Conspiracy and Collusion Fails For Multiple Reasons ......................................................................................... 14

    F. Plaintiff's Sixth Claim For Fraud Fails Because Plaintiff Has Not Satisfied Rule 9(b)'s Heightened Pleading Requirements ........................... 16

    G. Plaintiff's Seventh Claim for "Bad Faith" Is Duplicative and Not A Standalone Claim ....................................................................................... 18

    H. Plaintiff Does Not State A Plausible Discrimination Claim ........................ 18

    I. Plaintiff's Ninth Claim for Denial Of Equal Protection Fails ..................... 19

VII. PLAINTIFF CANNOT OBTAIN PUNITIVE DAMAGES ................................ 20

VIII. CONCLUSION ................................................................................................ 20

i

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. City of Santa Clara*,
  2021 U.S. Dist. LEXIS 6027 (N.D. Cal. Jan. 12, 2021)................................. 6

*Allen v. Kernan*,
  771 Fed. Appx. 407 (9th Cir. 2019)......................................................... 19

*Alvarez v. Sonoma County*,
  2013 U.S. Dist. LEXIS 125594 (N.D. Cal. Sept. 3, 2013)........................... 20

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ..................................................................... 6, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................5, 6, 10, 17

*Bhambra v. Port of Oakland*,
  2009 U.S. Dist. LEXIS 140755 (N.D. Cal. Mar. 23, 2009) ........................ 8, 9

*Bingue v. Prunchak*,
  512 F.3d 1169 (9th Cir. 2008) .................................................................. 11

*Chen v. Santa Monica Coll. Dist.*,
  2019 U.S. Dist. LEXIS 130885 (C.D. Cal. Apr. 1, 2019)........................... 5, 6

*Cholla Ready Mix, Inc. v. Civish*,
  382 F.3d 969 (9th Cir. 2004) ................................................................ 5, 10

*Clarke v. City of Los Angeles*,
  2016 U.S. Dist. LEXIS 197846 (C.D. Cal. Apr. 18, 2016)...................... 14, 18

*Colodney v. Orr*,
  2015 U.S. Dist. LEXIS 48443 (C.D. Cal. Apr. 9, 2015)............................... 4

*Cook v. Brewer*,
  637 F.3d 1002 (9th Cir. 2011) .................................................................. 10

*Crowley v. Bannister*,
  734 F.3d 967 (9th Cir. 2013) ..................................................................... 5

*David v. City of Los Angeles*,
  307 F.3d 1143 (9th Cir. 2002) .............................................................. 12, 14

i

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

*Dougherty v. City of Covina*,
    654 F.3d 892 (9th Cir. 2011) ................................................................. 12

*Fazaga v. FBI*,
    965 F.3d 1015 (9th Cir. 2020) .............................................................. 16

*Graves v. United States Marshal Office*,
    2017 U.S. Dist. LEXIS 13598 (E.D. Cal. Jan. 31, 2017) ...................... 18

*Hasbrouck v. Yavapai City*,
    2021 U.S. Dist. LEXIS 18360 (D. Ariz. Feb. 1, 2021) ..................... 15, 16

*Ivey v. Board of Regents of University of Alaska*,
    673 F.2d 266 (9th Cir. 1982) .................................................................. 6

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................... 16, 17

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) .................................................................. 6

*Konkol v. Oakwood Worldwide Local, LLC*,
    2015 U.S. Dist. LEXIS 67 (C.D. Cal. Jan. 2, 2015) ............................. 20

*Lacambra v. City of Orange*,
    2019 U.S. Dist. LEXIS 216708 (C.D. Cal. Aug. 16, 2019) ................... 11

*Lavenant v. City of Palm Springs*,
    2018 U.S. Dist. LEXIS 133912 (C.D. Cal. Aug. 8, 2018) ..................... 13

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .................................................................. 6

*Lindsay v. Fryson*,
    2011 U.S. Dist. LEXIS 62834 (E.D. Cal. Jun. 15, 2011).................... 20

*Lion Raisins, Inc. v. United States Dep't of Agriculture*,
    636 F. Supp. 2d 1081 (E.D. Cal. 2009) ................................................. 18

*Love v. City of Monterey*,
    37 Cal. App 4th 562 (1995) .................................................................. 12

*M.M. v. Lafayette Sch. Dist.*,
    681 F.3d 1082 (9th Cir. 2012) ........................................................... 14, 18

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

*Monell v. Dep't of Soc. Servs. of the City of New York*,
    436 U.S. 658 (1978)............................................................................. 12

*Mory v. City of Chula Vista*,
    2008 U.S. Dist. LEXIS 9911 (S.D. Cal. Feb. 11, 2008).............................. 15

*Moss v. United States Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................... 5

*Newport v. Fact Concerts*,
    453 U.S. 247 (1981)............................................................................. 20

*Owen v. City of Hemet*,
    2020 U.S. Dist. LEXIS 247182 (C.D. Cal. Dec. 10, 2020)....................... 19

*Reddy v. Litton Industries*,
    912 F.2d 291 (9th Cir. 1990) ............................................................... 6

*Shapour v. Cal.*,
    2013 U.S. Dist. LEXIS 178488 (E.D. Cal. Dec. 19, 2013) ....................... 7

*Sukonik v. Wright Med. Tech., Inc.*,
    2015 U.S. Dist. LEXIS 177502 (C.D. Cal. Jan. 26, 2015) ........................ 17

*True v. Cty. of Kern*,
    2019 U.S. Dist. LEXIS 44163 (E.D. Cal. 2019).................................... 8, 9

*Vos v. City of Newport Beach*,
    2020 U.S. Dist. LEXIS 135975 (C.D. Cal. Jun. 8, 2020).......................... 15

*Waters v. Hollywood Tow Serv.*,
    2010 U.S. Dist. LEXIS 93091 (C.D. Cal. Jul. 27, 2010)....................*passim*

*Westlands Water Dist. v. Amoco Chem. Co.*,
    953 F.2d 1109 (9th Cir. 1991) ............................................................. 20

*Williams v. Oakland Police Dep't*,
    2015 U.S. Dist. LEXIS 122309 (N.D. Cal. Sept. 14, 2015) ...................... 19

*Wilson v. Ayers*,
    470 Fed. Appx. 654 (9th Cir. 2012).................................................... 19

*Yagman v. Garcetti*,
    2014 U.S. Dist. LEXIS 105884 (C.D. Cal. Jul. 9, 2014)..................... 11, 12

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

*Yagman v. Garcetti*,
 852 F.3d 859 (9th Cir. 2017) ................................................. 5, 8, 10, 12

*Young v. City of Visalia*,
 687 F. Supp. 2d 1141 (E.D. Cal. Aug. 17, 2009) ......................... 13

*Zigler v. Abbasi*,
 137 S. Ct. 1843 (2017) ............................................................. 15

**Statutes**

42 U.S.C. § 1983 ......................................................................... 20

Cal. Gov. Code § 818 ................................................................... 20

Cal. Veh. Code §§ 40200, *et seq.* ............................................... 3, 8

Cal. Veh. Code § 40215 ............................................................... 1, 3, 9

Cal. Veh. Code § 40230 .......................................................... *passim.*

Los Angeles Municipal Code § 80.06(c) ....................................... 3

Los Angeles Municipal Code § 80.69(b) ....................................... 2, 17

**Other Authorities**

U.S. Const., Fifth Amendment ..................................................... 11

U.S. Const., Fourteenth Amendment ........................................... 11, 19

Fed. R. Civ. P. 4 ......................................................................... 5, 6, 7

Fed. R. Civ. P. 9(b) ..................................................................... 16

Fed. R. Evid. 201 ....................................................................... 6

iv

**DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

*Pro se* Plaintiff Ryan Michelman ("Plaintiff") filed this federal lawsuit against the City of Los Angeles ("City") in December 2020 after he failed to achieve the result he was looking for in the first two steps of a three-tier administrative challenge process established by the California Vehicle Code for Californians to contest parking citations: a refund of a $73 parking citation. *See* Compl. ¶ 8.

Plaintiff received a parking citation in May of 2019, which he contested through the first two steps of the three-tier process laid out by the California Vehicle Code to contest a parking citation. *See* Compl. ¶ 8; *see also* Cal. Veh. Code §§ 40215, 40230. After the validity of Plaintiff's parking citation was upheld by both the initial written review and in-person administrative hearing conducted by the Los Angeles Department of Transportation ("LADOT"), Plaintiff chose to forgo the third step of the appeal process, which enables individuals dissatisfied with the outcome of the outcome of an LADOT administrative hearing decision to appeal that decision to the State Superior Court. Instead of appealing to the Superior Court – a requirement Plaintiff deemed "the most dull-witted joke" (Compl. ¶ 18) – he instead chose to file this lawsuit in Federal Court.

Plaintiff's Complaint should be dismissed for several reasons, each of which is independently sufficient to warrant dismissal. First, Plaintiff has not effected sufficient service of process on the City in compliance with Rule 4(j)(2) of the Federal Rules of Civil Procedure. Second, Plaintiff's failure to exhaust his administrative remedies (by electing to sue here instead of seeking review in the State Superior Court) bars his action in this Court to the extent it merely seeks to challenge the validity of his parking citation. Third, Plaintiff's Complaint, which is peppered with hyperbolic and defamatory accusations, contains vague, conclusory and speculative allegations lacking in the factual support necessary to plausibly allege any claim for which relief can be granted. Finally, each of Plaintiff's purported claims asserted in his Complaint suffers from additional legal deficiencies warranting dismissal, as set forth in more detail below.

1

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

## II.  STATEMENT OF RELEVANT FACTS

### A. This Lawsuit Stems From A $73 Parking Citation

Plaintiff alleges that he received Parking Citation Number 4354495305 for "Violation 8069B (No Parking)" based on an alleged parking violation that occurred on May 18, 2019 when he dropped off four elderly passengers at the Westfield Century City mall while working as an Uber driver. Compl. ¶¶ 5- 6; *see also* Declaration of Jessica Mariani ("Mariani Decl."), Ex. D (LAMC § 80.69(b) (prohibiting parking "[w]henever authorized signs are in place giving notice that parking, as defined in Section 463 of the California Vehicle Code, is prohibited at any time or during certain hours"). Plaintiff alleges that his car was stationary for about 45 seconds while he let the elderly passengers exit his car. Compl. ¶ 5. The parking citation carried a $73 fine. *See* Compl. ¶ 8.

Plaintiff maintains that this parking citation was invalid, apparently on the basis that he "observed several FALSE DECLARATIONS and/or OUTRIGHT LIES by the Issuing Parking Officer on the 'Mailed-in Parking Citation'. i.e. That the car was Parked and 'Not Attended', and that the VIN of the (sic) 'was not visible.'" Compl. ¶ 6. Plaintiff further "speculates (because PLAINTIFF did not even see a Parking Enforcement car parked behind his car, when he pulled away, after dropping off his previous passengers) that this BOLD FACE LIAR of a Parking Enforcement Officer either was on the opposing lane of traffic, or followed and/or chased the PLAINTIFF, like the Police, after PLAINTIFF had pulled away to get PLAINTIFF's License Plate." Compl. ¶ 6.

### B. Plaintiff Failed To Exhaust Available State Remedies For Challenging His Parking Citation

    i.  *Plaintiff Alleges That He Received An Initial Review And An In-Person Administrative Hearing, Both Upholding The Validity Of His Citation*

The California Vehicle Code sets forth California's civil administrative procedure for contesting parking citations, and the City's Municipal Code, in turn, implements that procedure by authorizing LADOT "to conduct administrative investigations of parking citations and administrative hearings in accordance with Division 17, Article 3 of the

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

Vehicle Code [Cal. Veh. Code §§ 40200, *et seq.*].” *See* City's Request for Judicial Notice ("RJN"); Mariani Decl., Ex. C (L.A.M.C. § 80.06(c)); *see also Waters v. Hollywood Tow Serv.*, 2010 U.S. Dist. LEXIS 93091, at *21 (C.D. Cal. Jul. 27, 2010).   Specifically, California Vehicle Code section 40215 provides that "[f]or a period of 21 calendar days from the issuance of a notice of parking violation…a person may request an initial review of the notice by the issuing agency." City's RJN; Mariani Decl., Ex. A (Cal. Veh. Code § 40215(a)).  Furthermore, section 40215 provides that "[i]f the person is dissatisfied with the results of the initial review, the person may request an administrative hearing of the violation no later than 21 calendar days following the mailing of the results of the issuing agency's initial review." *Id.* at Ex. A (Cal. Veh. Code § 40215(b)).   California Vehicle Code section 40230 provides that a person who is dissatisfied with the outcome of an Administrative Hearing regarding a parking citation may "[w]ithin 30 calendar days after the mailing or personal delivery of the final decision…seek review by filing an appeal to be heard by the superior court where the same shall be heard de novo…"  City's RJN; Mariani Decl., Ex. B (Cal. Veh. Code § 40230(a)).  If no notice of appeal is filed within the time limit, "the decision shall be deemed final." Cal. Veh. Code § 40230(d).

To be clear, Plaintiff alleges that he was provided with the opportunity to contest his citation.  In fact, Plaintiff alleges that he pursued and was provided both the initial review of his citation and in-person administrative hearing, which constitute the first two of three available steps to contest the validity of a parking citation, as set forth in California Vehicle Code sections 40215-40230.  Compl. ¶ 7.  Plaintiff alleges that the parking citation was upheld as valid by both the initial written review and the in-person administrative hearing, which took place on or around August 19, 2019, and that he "was therefore unable to get a refund of the '$73 illegally issued Parking Citation.'"  Compl. ¶¶ 9, 18.

                    *ii.*  *Instead Of Seeking Review In State Court, Plaintiff Filed This Action*

However, Plaintiff does *not* allege that he sought review of the outcome of the August 2019 administrative hearing in a California State Superior Court, as he was required to do if he wanted to challenge that outcome. *See* City's RJN; Mariani Decl., Ex.

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

B (Cal. Veh. Code § 40230(a)).  Plaintiff maintains that the opportunity to seek review in the Superior Court is "the most dull-witted joke devised by the CITY to further victimize the Citizens of Los Angeles."  Compl. ¶ 18.  Accordingly, Plaintiff chose to forgo the requirement to seek review of his citation in a Superior Court, and instead initiated this federal lawsuit on December 28, 2020, more than a year after the administrative hearing.

### C. The City Has Not Received Sufficient Service of Process

Plaintiff's Complaint purports to assert nine causes of action for: (1) violation of his due process rights under the Fifth and Fourteenth Amendments; (2) "continual hoodwinking of 'the system' by hiring the 'absolute bottom of the barrel' (of Applicant Pool), for City employment, based on Personal Relationships"; (3) "violating *nemo judex in causa sua*"; (4) conflict of interest; (5) conspiracy and collusion; (6) fraud; (7) bad faith; (8) discrimination; and (9) denial of equal protection.

Despite filing his Complaint on December 28, 2020, Plaintiff did not file a proof of service until March 15, 2021. *See* Dkt. No. 10 (Plaintiff's Proof of Service).[1]  That proof of service [Dkt. No. 10] indicates that an individual by the name of Lathika Wijayaratne served a copy of the summons and Complaint (along with "interested parties," "ADR Program Notice," "Notice of Assignment of Judges" and "Initial Standing Order") by certified mail delivered to the City Clerk on March 9, 2021.[2]

## III.  LEGAL STANDARDS

### A.  Motion to Dismiss For Insufficient Service of Process Pursuant to Rule 12(b)(5)

It is well settled that "[a] federal court does not have jurisdiction over a defendant

---

[1] Since this is a document filed on the Court's own docket, judicial notice is not required in order for the Court to consider it. *See, e.g., Colodney v. Orr*, 2015 U.S. Dist. LEXIS 48443, at *4 n. 4 (C.D. Cal. Apr. 9, 2015), *aff'd*, 651 F. App'x. 630 (9th Cir. 2016).

[2] After counsel for the City alerted Plaintiff to the insufficient service of process during a teleconference on March 18, 2021, Plaintiff emailed an unsigned Notice and Acknowledgment of Receipt of Summons and Complaint form to the City's counsel, which still failed to fix the deficient service.  Mariani Decl., ¶ 6, Ex. E.

unless the defendant has been served properly under Fed. R. Civ. P. 4." *Santa Monica Coll. Dist.*, 2019 U.S. Dist. LEXIS 130885, at *5 (C.D. Cal. Apr. 1, 2019) (granting defendant's motion to dismiss and quashing plaintiff's service of process by certified mail); *see also Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendants has been served in accordance with Fed. R. Civ. P. 4."). A defendant may object to the validity of service of process in a motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure, as long as the defendant states the objections specifically and points out in what manner the plaintiff has failed to satisfy the requirements of proper service. *See Santa Monica Coll. Dist.*, 2019 U.S. Dist. LEXIS 130885, at *5. Once a proper objection to the validity of the service has been asserted, the burden shifts to the plaintiff to establish the validity of the service of process. *Id.* A court may dismiss the action or quash the service if it determines that service of process was insufficient. *Id.*

### B.    Motion to Dismiss For Failure to State A Claim Pursuant to Rule 12(b)(6)

Dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6) is proper where the factual allegations of the complaint do not raise the right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court need not accept "as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citation omitted); *see also Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements are insufficient.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted).  While courts exercise liberality in construing pleadings filed by *pro se* litigants, courts may properly dismiss *pro se* complaints that offer only vague and conclusory allegations, and that fail to plead essential elements of a claim. *See Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (affirming dismissal of *pro se* plaintiff's complaint, and noting that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.") (citations omitted).

In considering a motion to dismiss, a court may consider matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Iqbal and Twombly* as recognized in *Ahmed v. City of Santa Clara*, 2021 U.S. Dist. LEXIS 6027, at *17 n.8 (N.D. Cal. Jan. 12, 2021).

Dismissal without leave to amend is appropriate when it is clear that the deficiencies in the complaint could not possibly be cured by amendment. *Reddy v. Litton Indus.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (district court's dismissal without leave to amend was not abuse of discretion where amendment would not cure deficiencies in complaint); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

## IV.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE CITY HAS NOT BEEN PROPERLY SERVED

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process on a city, specifying that service on a state, municipal corporation, or any other state-created governmental organization may be accomplished either through "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *Chen v. Santa Monica Coll. Dist.*, 2019 U.S. Dist. LEXIS 130885, at *14 (citing Fed. R. Civ. P. 4(j)).  "Delivery can be completed by (1) personal delivery; (2) by leaving a copy of the summons and complaint during usual office hours in his or

her office…with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and compliant by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left; or (3) by first class mail or airmail, postage prepaid, sent 'to the person to be served, together with two copies of the notice and acknowledgment [form] and a return envelope, postage prepaid, addressed to the sender." *Id.* (citing Cal. Civ. Proc. Code §§ 415.10, 415.20(a), 415.30(a)). "While the California Code of Civil Procedure provides for service by mail, this service is 'valid only if a signed acknowledgment is returned' to the sender by the defendant within 20 days of the mailing of the summons and compliant." *See Shapour v. Cal.*, 2013 U.S. Dist. LEXIS 178488, at *4 (E.D. Cal. Dec. 19, 2013).

Here, service of process was not sufficient where Plaintiff mailed only a copy of the summons and Complaint via certified mail delivered to the City Clerk on March 9, 2021 because that manner of service did not comply with Rule 4(j)(2) nor with the manner prescribed by California's Code of Civil Procedure. *See* Dkt. No. 10; *see also Shapour*, 2013 U.S. Dist. LEXIS 178488, at *4-5 (holding court had no jurisdiction over defendant until plaintiff completed service, which had not occurred where plaintiff's proof of service indicated only summons and complaint were sent by certified mail without acknowledgment of receipt form). After counsel for the City alerted Plaintiff to the insufficient service of process during a teleconference on March 18, 2021, Plaintiff *emailed* an *unsigned* Notice and Acknowledgment form to the City's counsel (not the City Clerk). Mariani Decl., ¶ 6, Ex. E. This did not cure the deficiency in Plaintiff's service. Since Plaintiff filed his complaint on December 28, 2020, his 90-day window in which to properly effectuate service on the City ran on March 28, 2021. *See* Fed. R. Civ. P. 4(m).

Dismissal of the Complaint for failure to properly serve the City is appropriate.

## V.   PLAINTIFF'S ACTION IS BARRED BY HIS FAILURE TO EXHAUST REMEDIES PROVIDED BY THE CALIFORNIA VEHICLE CODE

Plaintiff's action is barred to the extent this lawsuit merely seeks to challenge the validity of his parking citation because Plaintiff has failed to exhaust available remedies

for doing so pursuant to the California Vehicle Code, and the time for him to do so has expired. *See True v. Cty. of Kern*, 2019 U.S. Dist. LEXIS 44163, at \*9 (E.D. Cal. 2019) (finding that plaintiff's failure to exhaust administrative remedies to challenge parking citation under Cal. Veh. Code § 40200 *et seq.* barred his complaint against County); *see also Bhambra v. Port of Oakland*, 2009 U.S. Dist. LEXIS 140755, at \*12-13 (N.D. Cal. Mar. 23, 2009) (holding that plaintiffs' claims were barred for failure to exhaust administrative remedies where plaintiffs were attempting "to invalidate [their] parking tickets" through a district court action and failed to contest the parking citations through the administrative process afforded to them by state law").

California Vehicle Code section 40230 provides that a person who is dissatisfied with the outcome of an Administrative Hearing regarding a parking citation may "[w]ithin 30 calendar days after the mailing or personal delivery of the final decision…seek review by filing an appeal to be heard by the superior court where the same shall be heard de novo…"  Cal. Veh. Code § 40230(a); *see also Yagman*, 852 F.3d at 863 (affirming dismissal with prejudice of putative class action alleging that the California Vehicle Code's procedure for contesting parking citations as implemented by the City of Los Angeles deprives contestants of property without due process).  If no notice of appeal is filed within the time limit, "the decision shall be deemed final." Cal. Veh. Code § 40230(d).  "[T]he procedure for review set forth in section 40200 et seq. is the only procedure available to contest a parking citation." *Bhambra v. Port of Oakland*, 2009 U.S. Dist. LEXIS 140755, at \*13 (citing *Smith v. Los Angeles Dep't of Tranp.*, 59 Cal. App. 4th Supp. 7 (1997)).  Indeed, "no appeal lies from the judgment of the superior court in light of 'the specific and comprehensive nature of the statutory scheme provided in section 40200 *et seq.*, and the clear legislative intent that the courts have limited involvement in the determination of liability for parking violations…'" *Waters*, 2010 U.S. Dist. LEXIS 93091, at \*23-24 (citation omitted).

Here, Plaintiff's claims are all premised on his dissatisfaction with LADOT's initial review and the August 2019 administrative hearing decision, which both upheld the

8

validity of a parking citation issued to Plaintiff on May 18, 2019.  *See* Comp. ¶¶ 5-6, 9, 18.  Yet, it is clear from the face of the Complaint that Plaintiff only availed himself of the first two steps of the three-tier administrative challenge process provided by California Vehicle Code sections 40215 and 40230.  Specifically, Plaintiff alleges that he contested the validity of this parking citation through an "initial written review" and through an "in person administrative hearing." *See* Compl. ¶¶ 7-8.   However, there are simply no allegations that Plaintiff timely complied with the California Vehicle Code's process for appealing from an administrative hearing decision to a State Superior Court.  *See* Cal. Veh. Code § 40230(a).  Plaintiff's allegations, therefore, do not meet his burden to show that he has exhausted remedies available to him, as laid out in California Vehicle Code section 40230 such that this Court or any other court may exercise jurisdiction over Plaintiff's parking citation.  *See True v. Cty. of Kern*, 2019 U.S. Dist. LEXIS 44163, at *9 (plaintiff's complaint was barred for failure to exhaust administrative remedies where plaintiff had sought an administrative hearing challenging a parking citation and filed a tort claim with the County, but failed to seek review by a state court); *see also Bhambra v. Port of Oakland*, 2009 U.S. Dist. LEXIS 140755, at *12-13 (holding that plaintiffs' claims were barred for failure to exhaust administrative remedies where plaintiffs were attempting "to invalidate [their] parking tickets" through a district court action and failed to contest the parking citations through the administrative process afforded to them by state law").

Given that all of Plaintiff's claims are premised on his dissatisfaction with the administrative hearing decisions upholding the validity of his parking citation, which Plaintiff chose not to appeal to the Superior Court, this action should be dismissed.

## VI.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

### A.   Plaintiff's Vague, Conclusory And Speculative Allegations Fail To State A Claim

All of Plaintiffs' claims are subject to dismissal pursuant to Rule 12(b)(6) because the vague, conclusory, and oftentimes speculative allegations in the Complaint are lacking in factual support sufficient to state any claim upon which relief may be granted. *See*

*Twombly*, 550 U.S. at 555 (holding "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."); *see also Yagman*, 852 F.3d at 863 ("dismissal is appropriate where the plaintiff failed to allege 'enough facts to state a claim to relief that is plausible on its face.'"). Throughout the Complaint, Plaintiff merely states, in conclusory fashion, that his rights were violated, without supporting facts sufficient to elevate his allegations above mere speculative conclusions to a plausible level. *See e.g.,* Complaint ¶ 24 ("The 2 'Dog and Pony type Quasi-Judicial Proceedings' violated Due Process Provisions guaranteed to PLAINTIFF under the 5[t]h and 14th Amendments of the U.S. Constitution."); ¶ 65 ("CITY violated PLAINTIFF's rights, privileges and protections afforded to PLAINTIFF by the Equal Protection Clauses of the Constitution with impunity.").  The Court need not accept as true such "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d at 973.  Even more problematic are Plaintiff's speculative allegations, such as "Plaintiff speculates (because PLAINTIFF did not even see a Parking Enforcement car parked behind his car, when he pulled away, after dropping off his previous passengers) that this…Parking Enforcement Officer either was on the opposing lane of traffic, or followed and/or chased the PLAINTIFF, like the Police, after PLAINTIFF had pulled away to get PLAINTIFF's License Plate" (Compl. ¶ 6) and "[i]t is also possible that a computer program sends out a overwhelming percentage of rejection letters to individuals who challenge the validity of these Parking Citations…" (Compl. ¶ 13).  An allegation regarding something that is merely *possible*, or that Plaintiff *speculates* could theoretically be true, is insufficient to state a plausible claim to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citation omitted); *see also Cook v. Brewer*, 637 F.3d 1002, 1008 (9th Cir. 2011) (affirming dismissal of complaint on basis that plaintiff's "reliance on speculative and conclusory allegations [was] insufficient to state a facially plausible claim").

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

## B. Plaintiff Cannot State A Claim For Violation Of His Due Process Rights Under The Fifth and Fourteenth Amendments

Even if Plaintiff had alleged additional factual support for his claim that his constitutional due process rights were violated by the procedure to contest parking citations set forth in the California Vehicle Code and adopted by the Los Angeles Department of Transportation ("LADOT"), he still could not state a legally viable claim.

First, to the extent Plaintiff relies on the Fifth Amendment, his due process claim is barred as a matter of law because the Fifth Amendment's due process clause applies only to the federal government, not to cities. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (finding district court erred in failing to dismiss Fifth Amendment due process claim on basis that it applies only to federal government); *see also Lacambra v. City of Orange*, 2019 U.S. Dist. LEXIS 216708, at *17 (C.D. Cal. Aug. 16, 2019) ("Because the Fifth Amendment's Due Process Clause only applies to the federal government and the City is not a federal entity, Plaintiff's claim fails as a matter of law.") (citations omitted).

Second, to the extent Plaintiff relies on the Fourteenth Amendment, his due process claim is likewise barred as a matter of law because "courts universally agree that the California procedure for contesting parking tickets comports with due process." *Yagman v. Garcetti*, 2014 U.S. Dist. LEXIS 105884, at *5 (C.D. Cal. Jul. 9, 2014) (collecting cases), *aff'd*, 852 F.3d 859 (9th Cir. 2017); *see also Waters*, 2010 U.S. Dist. LEXIS 93091, at *24-25 (dismissing Plaintiff's claims for violations of his Fourteenth Amendment due process rights). The thrust of Plaintiff's allegations appears to be that he was denied due process because the initial review and in-person administrative hearing conducted by the City were "Dog and Pony type Quasi-Judicial Proceedings" and that "LADOT and/or PVB are subsidiary departments, bureaus, and/or agencies of the CITY, and these entities are entrusted with collecting revenue for the CITY, through 'hook or crook.'" Compl. ¶¶ 24-25. However, several courts have specifically addressed, and rejected, the notion that a cognizable due process claim may be stated simply because a city occupies the roles of

11

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

both the adjudicator and adverse party in the parking citation administrative hearing process. *See e.g., David v. City of Los Angeles*, 307 F.3d 1143, 1147 (9th Cir. 2002) (rejecting plaintiff's claim that the "mere fact that the hearing examiner was employed by the agency—or the City—was sufficient to show a due process violation because the officer who ordered the towing and storage worked for the agency also" because "[t]hat simply is not the law"), *rev'd on other grounds*, 538 U.S. 715 (2003); *Yagman v. Garcetti*, 2014 U.S. Dist. LEXIS 105884, at *8 ("due process is not offended simply because the City earns money from parking fines."), *aff'd,* 852 F.3d 859 (9th Cir. 2017); *Waters*, 2010 U.S. Dist. LEXIS 93091, at *27-32 ("Plaintiff's allegations that the City's status as adverse party and decisionmaker violated his due process rights fail to state a claim."); *Love v. City of Monterey*, 37 Cal. App 4th 562, 584 (1995) (finding the government's interest "in generating revenue from parking tickets" does not "inherently promote[] bias favoring the validation of questionable citations"). Indeed, these courts have also specifically rejected the notion that due process is violated merely because the City has a financial interest in the outcome of the proceeding since "its interest does not go so far as to invalidate either imposition of penalties by an administrative agency or review by the agency of the penalties it has imposed." *See Waters*, at *27 (citation and internal quotations omitted).

Plaintiff was given all the process that he was owed. If he did not like the result of the initial review and administrative hearing procedures, then he had the opportunity to seek review in the State Superior Court within the permitted timeframe. Since Plaintiff instead chose to forgo that review, he cannot now seek – well beyond the deadline to appeal from the administrative hearing – to overturn the $73 parking citation through a federal action.[3]

---

[3] In any event, Plaintiff's allegations fall far short of what is required to hold a city liable for an alleged constitutional violation under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). To state such a claim, a plaintiff must allege that a policy, practice, or custom of the city was a "moving force" behind the alleged violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*).

**C. Plaintiff's Second Claim Challenging LADOT's Hiring Practices Fails**

It is not entirely clear what claim Plaintiff is seeking to assert as his second claim styled as "continual hoodwinking of 'the system' by hiring the 'absolute bottom of the barrel' (of applicant pool), for City employment, based on personal relationships." Compl. at 11:20-23; ¶¶ 29-36.

In support of this claim, Plaintiff alleges a "culture of in-breeding of incompetence" (Compl. ¶ 30), "the hiring of the 'Absolute Bottom of the Barrel' of all qualified applicants" (Compl. ¶ 31), and that "PLAINTIFF believes Parking Enforcement has the most corrupt hiring practices of all Departments, Agencies and/or Subsidiaries of the CITY." Compl. ¶ 32.  These hyperbolic allegations are conclusory, speculative, and unsupported by specific factual allegations regarding what the City's hiring criteria are, much less why those are deficient.  *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. Aug. 17, 2009) (dismissing claim based on inadequate training and hiring practices for failure to allege sufficient facts to plausibly indicate a valid claim). Setting that deficiency aside, Plaintiff does not point to any statute imposing on a city a duty of care with respect to the hiring of its parking enforcement officers.  *See Lavenant v. City of Palm Springs*, 2018 U.S. Dist. LEXIS 133912, at *20 (C.D. Cal. Aug. 8, 2018) (dismissing cause of action against city where plaintiffs failed to allege any statute setting forth a city's duty of care with respect to supervision, training, and discipline of its employees).  Thus, to the extent he is seeking to state a claim for negligent hiring practices, Plaintiff's claim is insufficient as a matter of law.

Plaintiff has failed to state his second claim premised on Plaintiff's unsupported, vague attacks against the City's hiring practices.[4]

-------

[4] Moreover, as discussed above, if Plaintiff was dissatisfied – for whatever reason – with the outcome of the initial review and the in-person administrative hearing conducted by the City, Plaintiff had the opportunity, and indeed the obligation, to appeal that within 30 days to the State Superior Court, as set forth in California's Vehicle Code section 40230.

### D. Plaintiff's Third and Fourth Claims Are Derivative and/or Duplicative of The First Claim

Plaintiff's third and fourth claims for appear to be nothing more than varieties of the first claim, restyled as "violating *nemo judex in causa sua*" (which roughly translates to "no one should be a judge in their own cause"), and "conflict of interest." Compl. ¶¶ 37-44.

To the extent these theories could support a claim at all, they fail for the same reasons as Plaintiff's first claim because they are based on the untenable theory that a city violates due process merely by occupying the role of both adjudicator and adverse party in administrative hearings regarding parking citations, or that the City derives a financial benefit from collecting the $73 fine for a parking citation. *See* Compl. ¶¶ 38, 42. Specifically, as discussed above in Section VI.B, *supra*, courts have specifically addressed, and rejected, these theories. *See e.g., Waters*, at *27-32; *see also David v. City of Los Angeles*, 307 F.3d at 1147 (rejecting plaintiff's claim that the "mere fact that the hearing examiner was employed by the agency—or the City—was sufficient to show a due process violation because the officer who ordered the towing and storage worked for the agency also" because "[t]hat simply is not the law"), *rev'd on other grounds*, 538 U.S. 715 (2003).

Moreover, "[i]t is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012); *see also Clarke v. City of Los Angeles*, 2016 U.S. Dist. LEXIS 197846, at *11-12 (C.D. Cal. Apr. 18, 2016) (recommending dismissal of claim as duplicative). Thus, even if these were cognizable claims – which they are not – they are merely derivative and/or duplicative of Plaintiff's first claim, and should be dismissed on that additional ground.

### E. Plaintiff's Fifth Claim For Conspiracy and Collusion Fails For Multiple Reasons

Plaintiff's "conspiracy and collusion" claim fails for several reasons. In addition to Plaintiff's lack of factual support for his conclusory allegations of "conspiracy and

14

collusion," Plaintiff's fifth claim for conspiracy and collusion fails for the additional reasons that Plaintiff has not alleged a meeting of the minds to do anything unlawful, and the City cannot, as a matter of law, conspire with itself or with its own departments.

Although it is unclear what type of conspiracy Plaintiff is seeking to allege, as there is no reference in the Complaint to any statutory basis for the claim, any civil conspiracy requires a meeting of the minds to do an unlawful act. *See Zigler v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) ("Conspiracy requires an agreement–and in particular an agreement to do an unlawful act–between or among two or more separate persons."); *see also Vos v. City of Newport Beach*, 2020 U.S. Dist. LEXIS 135975, at *32-33 (C.D. Cal. Jun. 8, 2020) (to establish liability for a conspiracy, "[t]he defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage."). In support of his "conspiracy and collusion" claim, Plaintiff alleges that he "believes he has provided enough evidence to satisfy the burden there is significant Conspiracy and Collusion between the DEFENDANT and LADOT and/or PVB the CITY. The former 2 are subsidiary agencies or departments [of] the latter, with the sole goal of collecting more and more revenue for the CITY." Compl. ¶ 46. Here, the alleged goal of the conspiracy is merely to collect revenue, which is not unlawful. Thus, assuming there were separate entities with a meeting of the minds as to this goal, there would still be no facts sufficient to establish an unlawful conspiracy.

Moreover, Plaintiff's allegations make clear that the alleged "conspiracy" is among the City and its own "subsidiary agencies or departments". Compl. ¶ 46. Thus, Plaintiffs' claim for conspiracy and collusion fails, as a matter of law, to the extent a city cannot conspire with itself.[5] *See Mory v. City of Chula Vista*, 2008 U.S. Dist. LEXIS 9911, at

---

[5] It is unclear on what statutory ground Plaintiff seeks to assert his conspiracy theory. Although the Supreme Court and Ninth Circuit have declined to decide whether the intracorporate conspiracy doctrine applies to civil rights actions under Section 1985(3), courts in the Ninth Circuit have continued to apply it. *See e.g., Hasbrouck v. Yavapai City*, 2021 U.S. Dist. LEXIS 18360, at *42-43 (D. Ariz. Feb. 1, 2021); *see also Fazaga v. FBI*, 965 F.3d 1015, 1060-61 (9th Cir. 2020).

*18-19 (S.D. Cal. Feb. 11, 2008) ("The intracorporate conspiracy doctrine provides that, as a matter of law, an entity cannot conspire with its own employees or agents.") (citation omitted); *see also Hasbrouck v. Yavapai City*, 2021 U.S. Dist. LEXIS 18360, at *42-43 ("Another barrier to Plaintiffs' conspiracy claims is the intracorporate conspiracy doctrine, which bars a claim for conspiracy where the allegation is that an entity conspired with its employees to violate an individual's constitutional rights") (citation and internal quotations omitted).

Plaintiff's fifth claim for "conspiracy and collusion" should be dismissed.

### F. Plaintiff's Sixth Claim For Fraud Fails Because Plaintiff Has Not Satisfied Rule 9(b)'s Heightened Pleading Requirements

Plaintiff's sixth claim for fraud fails because Plaintiff has not alleged sufficient factual allegations to meet his pleading obligations under the *Twombly/Iqbal* standards, much less to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure to properly allege a fraud claim.

In order to state a claim for fraud, "a party must state with particularity the circumstances constituting the fraud…" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Specifically, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Id.* (citation and internal quotations omitted). Here, Plaintiff's repeated conclusory allegations of "false declarations" are insufficient. *See* Compl. ¶¶ 6, 8, 18, 32, 33. There is only a single allegation in the Complaint that even arguably provides some degree of notice regarding the specific nature of the alleged fraudulent statements. In paragraph 6 of the Complaint, Plaintiff alleges that "PLAINTIFF observed several FALSE DECLARATIONS and/or OUTRIGHT LIES by the Issuing Parking Officer on the 'Mailed-In Parking Citation'. i.e. That the car was Parked and 'Not Attended', and that the VIN of the (sic) 'was not visible.'" Compl. ¶ 6. Although not entirely clear, to the extent Plaintiff is contending that the citation falsely stated "[t]hat the car was Parked and 'Not Attended'" (Compl. ¶ 6), that does not sufficiently support a fraud claim, given that Plaintiff's other allegations in the Complaint concede that his car

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

was indeed stopped at the place where it was cited for violating a "no parking" zone to allow four elderly passengers to exit his car. *See* Compl. ¶ 5 ("PLAINTIFF remembers spending about 45 seconds while the passengers got out, and getting his next UBER ride while the passengers were getting out from his car."), ¶ 8 ("Any reasonable person would have concluded that the PLAINTIFF was STOPPED and not PARKED for approximately 45 seconds for 4 elderly riders to get off at the side entrance of the 'Westfield Century City Mall'"). Therefore, this cannot support a fraud claim.[6]

Likewise, to the extent Plaintiff is contending and seeking to rely on an allegation that the parking enforcement officer "made a False Declaration on the ticket that the VIN 'was not visible,'" (Compl. ¶ 6), that is insufficient. Even if this allegation were true, it would not support a claim of fraud since Plaintiff does not even allege that this alleged false statement *caused* Plaintiff any harm; indeed, Plaintiff alleges that he was issued a citation for being stopped in a no parking zone in violation of Los Angeles Municipal Code section 80.69(b), not for having a non-visible VIN. *See Kearns v. Ford Motor Co.*, 567 F.3d at 1126 (stating elements of fraud in California, including (a) a misrepresentation, (b) knowledge of falsity, (c) intent to defraud, (d) justifiable reliance, and (e) resulting damage); *see also Sukonik v. Wright Med. Tech., Inc.*, 2015 U.S. Dist. LEXIS 177502, at *44-45 (C.D. Cal. Jan. 26, 2015) (to adequately plead the reliance element of a fraud claim, "a plaintiff must establish a causal relationship between the alleged misrepresentation and the resulting harm.").

Thus, even if Plaintiff's conclusory and speculative allegations concerning allegedly "false declarations" of the parking enforcement officer were sufficient, his claim

[6] Mere speculation on Plaintiff's part does not help him to establish a plausible claim either. *See Twombly*, 550 U.S. at 555 (holding that "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). Plaintiff alleges that he "speculates (because PLAINTIFF did not even see a Parking Enforcement car parked behind his car, when he pulled away, after dropping off his previous passengers) that this BOLD FACE LIAR of a Parking Enforcement Officer either was on the opposing lane of traffic, or followed and/or chased the PLAINTIFF, like the Police, after PLAINTIFF had pulled away to get PLAINTIFF's License Plate." Compl. ¶ 6.

for fraud would still fail because he has not, and cannot, sufficiently allege causation.

### G. Plaintiff's Seventh Claim for "Bad Faith" Is Duplicative and Not A Standalone Claim

Outside of the insurance context, there is no standalone "bad faith" claim. *See Lion Raisins, Inc. v. United States Dep't of Agriculture*, 636 F. Supp. 2d 1081, 1114 (E.D. Cal. 2009) (granting summary judgment on "bad faith" claim because there is no "compensable, independent claim for 'bad faith'…in tort, contract, or under an applicable federal statute.").

Moreover, this claim is premised on the same theory and allegations as Plaintiff's first claim for violation of due process. Indeed, the sole allegation in support of this "bad faith" claim is also the basis for Plaintiff's due process claim. *See* Compl. ¶ 55 ("The 2 Quasi-Judicial Forums PLAINTIFF had to participate were ONE-SIDED "Dog and Pony Shows."); ¶ 25 ("The 2 "Dog and Pony type Quasi-Judicial Proceedings" violated Due Process Provisions guaranteed to the PLAINTIFF under the 5[t]h and 14th Amendments of the U.S. Constitution."). Thus, this duplicative claim should be dismissed. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d at 1091 ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); *see also Clarke v. City of Los Angeles*, 2016 U.S. Dist. LEXIS 197846, at *11-12 (recommending dismissal of claim as duplicative).

For these reasons, Plaintiff's seventh claim should be dismissed.

### H. Plaintiff Does Not State A Plausible Discrimination Claim

Plaintiff's eighth claim for "discrimination" fails both because Plaintiff again fails to point to any constitutional or statutory basis for his claim, and makes only speculative and conclusory allegations that he "believes" the "CITY's actions were, at least in part, driven by PLAINTIFF's race, ethnicity and/or national origin." Compl. ¶ 59. This is entirely insufficient to state a claim based on discrimination. *See Graves v. United States Marshal Office*, 2017 U.S. Dist. LEXIS 13598, at *5 (E.D. Cal. Jan. 31, 2017) (recommending dismissal where "complaint only contains general references and does not

provide any factual allegations demonstrating that plaintiff was subjected to racial discrimination."); *Williams v. Oakland Police Dep't*, 2015 U.S. Dist. LEXIS 122309, at *2 (N.D. Cal. Sept. 14, 2015) (noting court had dismissed complaint where "Plaintiff made vague references to discrimination based on race" but "he does not refer to any federal law and fails to identify any constitutional or statutory basis for his claims.").

Plaintiff has failed to state a plausible claim for "discrimination," and therefore, his eighth claim should be dismissed.

## I.  Plaintiff's Ninth Claim for Denial Of Equal Protection Fails

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment based on a protected class, such as race, a plaintiff must allege that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Owen v. City of Hemet*, 2020 U.S. Dist. LEXIS 247182, at *23 (C.D. Cal. Dec. 10, 2020) (recommending dismissal of *pro se* litigant's equal protection claim where it was "based entirely on [plaintiff's] conclusory and speculative allegations of purported discrimination") (citation omitted).

Plaintiff has failed to allege any facts sufficient to support his equal protection claim.  Instead, he offers vague and conclusory allegations, lacking in factual details, that the City "denied Plaintiff equal protection at the 2 Quasi-Judicial Forums, at least in part because of Plaintiff's race, ethnicity and/or national origin" (Compl. ¶ 63) and "violated Plaintiff's rights, privileges and protections afforded to Plaintiff by the Equal Protection Clauses of the Constitution with impunity." (Comp. ¶ 65).  Courts routinely dismiss claims based on such conclusory allegations, which are insufficient to state an equal protection claim.  *See Wilson v. Ayers*, 470 Fed. Appx. 654, 656 (9th Cir. 2012) (affirming dismissal of equal protection claim where *pro se* plaintiff "failed to allege facts sufficient to support his claim."); *Allen v. Kernan*, 771 Fed. Appx. 407, 408 (9th Cir. 2019) (affirming dismissal of *pro se* plaintiff's equal protection claim where plaintiff failed to allege facts sufficient to state a plausible claim); *Alvarez v. Sonoma County*, 2013 U.S. Dist. LEXIS 125594, at *7-10 (N.D. Cal. Sept. 3, 2013) (dismissing equal protection claim against County

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS

defendants where claim was supported only by conclusory and speculative allegations of discrimination based on race, without factual allegations).

Plaintiff's ninth claim should be dismissed.

## VII.   PLAINTIFF CANNOT OBTAIN PUNITIVE DAMAGES

In addition to failing to state a plausible claim, Plaintiff seeks relief that he could not obtain under any circumstances, as a matter of law.  Specifically, Plaintiff purports to seek punitive damages, but punitive damages cannot be recovered from a city under 42 U.S.C. § 1983, and California Government Code section 818 bars punitive damages against public entities altogether.[7] *See Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); *Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991).[8]

## VIII.   CONCLUSION

For the foregoing reasons, the City respectfully requests that this action be dismissed with prejudice because even if Plaintiff were to properly serve the City with his Complaint and summons, Plaintiff has not exhausted available administrative remedies, and cannot cure the other deficiencies in his Complaint.

Dated: March 30, 2021

MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney

/s/ Jessica Mariani
JESSICA A. MARIANI
Deputy City Attorney
Attorneys for Defendant City of Los Angeles

---

[7] The City raises this point here in light of case law indicating that a motion to dismiss is the appropriate vehicle in which to raise the invalidity of a request for punitive damages. *See Lindsay v. Fryson*, 2011 U.S. Dist. LEXIS 62834, at *46 (E.D. Cal. Jun. 15, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010)).

[8] Plaintiff's request to recover his "comparable attorney fees" is also entirely unsupported.  Comp. ¶¶ 27, 36, 40, 44, 49, 53, 57, Prayer ¶ 9; *see e.g., Konkol v. Oakwood Worldwide Local, LLC*, 2015 U.S. Dist. LEXIS 67, at *9 (C.D. Cal. Jan. 2, 2015) ("It is well settled law that pro se litigants may not recover attorney's fees.") (citation omitted).

20

DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS